E. Vincent Wood (Bar No. 297132)
Law Offices of E. Vincent Wood
1501 N. Broadway, Suite 261
Walnut Creek, CA 94596
Tel. (925) 278-6680
Fax. (925) 955-1655

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

In re

    Sherry Virginia Seitzinger

              Debtor

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Chapter 11 Case No.: 20-51623-SLJ

**MOTION FOR ORDER EXTENDING THE AUTOMATIC STAY AS TO ALL CREDITORS UNDER 11 U.S.C. § 362; MEMORANDUM OF POINTS AND AUTHORITIES**

TO THE HONORABLE JUDGE STEPHEN L JOHNSON, THE UNITED STATES TRUSTEE'S OFFICE, ALL CREDITORS / PARTIES IN INTEREST, AND THEIR RESPECTIVE COUNSEL(S) OF RECORD: Now comes Debtor SHERRY VIRGINIA SEITZINGER by and through her proposed attorney of record, The Law Offices of E. Vincent Wood and hereby moves this Court for an order extending the § 362 automatic stay as to all creditors.

    This Motion is based on the instant Motion, Memorandum of Points and Authorities, the Declaration of the Debtor in Support, any exhibit(s), and all schedules, statements, and documents filed in this case.

1

Pursuant to Section 362(c)(3), the automatic stay will terminate after 30 days unless extended. This motion is made on the grounds that the present Chapter 11 case was filed in good faith, that the extension of the automatic stay is necessary to protect and preserve the bankruptcy estate, and that the extension of the automatic stay is in the best interest of the Debtor and her creditors. The Memorandum of Points and Authorities examines these statements in further detail.

WHEREFORE, the Debtor hereby requests that the Court grant the motion extending the automatic stay with respect to all creditors who have been provided notice of this motion until the Debtor's Chapter 11 case is completed or dismissed and for all other relief that the Court deems appropriate.

RESPECTFULLY SUBMITTED,
THE LAW OFFICES OF E. VINCENT WOOD

**Dated: November 23, 2020**

/s/ E. Vincent Wood
E. Vincent Wood
Attorney for Debtor

Case: 20-51623    Doc# 16    Filed: 11/23/20    Entered: 11/23/20 14:47:31    Page 2 of 7

**MEMORANDUM OF POINTS AND AUTHORITIES**

Section 362(c)(3) provides that in cases where a prior bankruptcy case was pending within the past one year, the automatic stay shall terminate after 30 days unless the Court orders the stay to be extended. Section 362(c)(3)(C) further provides that there shall be a presumption that a case is filed not in good faith if the following facts apply: there was more than one previous case pending within the prior one year; a prior case was dismissed after the Debtor failed to file or amend the petition or other documents as required and without substantial excuse; a prior case was dismissed after the Debtor failed to provide adequate protection as ordered by the court, a prior case was dismissed after the Debtor failed to perform the terms of a plan confirmed by the court; there has not been a substantial change in the financial or personal affairs of the Debtor since the dismissal of the prior case, or any other reason to conclude that the present case will not be completed successfully; or there was a relief from stay action pending at the time of the dismissal of the prior case. The presumption of bad faith may be rebutted by clear and convincing evidence.

<u>PRIOR CASE</u>

The instant case is the second case pending in the past twelve months. In the prior case, Debtor filed her case Pro Se and did not have an attorney to guide her through the process. Debtor completed credit counseling and attempted to submit schedules as evidence of Debtor's genuine desire to save her properties. The Debtor's prior and earlier cases failed due to lack of legal assistance and a misunderstanding of her obligations. Debtor is genuinely trying to save her properties.

<u>EARLIER CASES</u>

In addition, Debtor has had four other cases in the past 8 years:

1. Debtor filed a Pro Se Chapter 13 case 19-51250 on June 19, 2019, which was dismissed on August 26, 2019 because the Debtor failed to file completion documents.

2. Debtor filed a Pro Se Chapter 13 case 19-50024 on January 7, 2019, which was dismissed on March 6, 2019 because the Debtor failed to file completion documents.

3. Debtor filed a Pro Se Chapter 13 case 17-52189 on September 7, 2017, which was dismissed on September 25, 2017 because the Debtor failed to file completion documents.

4. Debtor filed a Chapter 13 case 13-55417 on October 11, 2013, which was dismissed on November 25, 2013 because the Debtor failed to file completion documents. Debtor filed the Bankruptcy at the advice of her attorney. At the time, Debtor was also in the midst of recovering from severe complications from cancer.

**FACTORS IN DETERMINING GOOD FAITH AS REQUIRED BY 11 U.S.C.**

**SECTION 1325(a)(3) and *In Re Baldassaro* and *In re Warren***

The factors enumerated in *In re Baldassaro*, 338 B.R. 178 (Bankr.D.N.H. 2006) and *In re Warren*, 89 B.R. 87 (1988) are the following:

1) The timing and filing of the latter petition: The Debtor's prior case was dismissed on October 28, 2020. There was urgency to filing the current case as there was a pending foreclosure sale on her commercial property.

2) How the debts in the latter case arose: Other than secured debts on the 2722 Bayview Drive Fremont, CA 94536 and 7392 Crews Road Gilroy, CA 95020, CA. Debtor has not incurred any new debts.

3) Why the Debtor's prior case was dismissed, including the Debtor's conduct in that case: The Debtor filed a previous Chapter 11 case in order to stop the non-judicial foreclosure sale of the Property. Debtor filed the case Pro Se and filed Schedules but did not file all required documents to avoid dismissal of the Bankruptcy.

4) How the Debtor's actions affected creditors who are stayed: The Debtor's creditors will be affected by extension of the automatic stay in that they cannot

4

repossess the Debtor's property (e.g., levy the Debtor's bank accounts or non-judicially foreclose on her) without court order and related expense. However, the Debtor plans to propose a reasonable, <u>consensual</u> plan with her creditors via the instant case including 100% to unsecured creditors.

5) <u>Whether the U.S. Trustee or creditors object to the Motion to Extend the Automatic Stay</u>: The Debtor does not anticipate any objections from creditors or the U.S. Trustee.

6) <u>The amount of the proposed payments and the amount of the Debtor's surplus</u>: The Debtor believes that the case will result in payments of 100% of the amount(s) owed to all of her creditors (unsecured and secured) and based on the $200,000 + in equity that the Debtor has in the Property.

7) <u>The Debtor's employment history, ability to earn and likelihood of future increases in income</u>: The Debtor is unemployed and receives Retirement payments and unemployment income. Debtor expects more near-term income from renting her properties.

8) <u>The expected duration of the plan</u>: The Debtor will be proposing a new 30-year mortgage or a long-term (e.g., 10 year +) repayment plan for the mortgage arrears on the properties' mortgage loans. The Chapter 13 Plan is expected to be a 100% plan.

9) <u>The accuracy of the statement of debts, expenses and percentage of repayment of unsecured debt and whether any inaccuracies are an attempt to mislead the court</u>: The Debtor and her counsel worked are working on her schedules. The Debtor does not intend to mislead the Court.

10) <u>The extent of preferential treatment between classes of creditors</u>: As stated above, the Debtor plans to provide all creditors with 100% payment in full.

11) <u>The extent to which secured claims are modified</u>: The Debtor plans to propose a new mortgage using a <u>*Till*</u> based rate over 30 years or, in the alternative a long (e.g., 10 year) repayment plan to cure the arrears owed on her secured

5

debts.

12) The type of debt proposed to be discharged and whether any such debt is nondischargeable: The Debtor has both secured and unsecured debts. The secured debts will be paid in full with interest; the unsecured debt will be paid in full as well with interest at the applicable federal judgment interest rate at the time of filing. As for non-dischargeable debt, the Debtor is not aware of any such debt(s) at this time.

13) The motivation and sincerity of the Debtor in seeking Chapter 11 relief: The Debtor is sincere in her desire to reorganize her debt. She has significant mortgage debt to resolve and if she can reach a settlement with her loan servicer, she will be very happy. She filed the instant case in absolute good faith.

14) The burden which the plan's administration will place upon the Trustee: The U.S. Trustee's Office will be paid their administrative fees from the estate, and this case should not be any more burdensome than other Chapter 11 case that the Trustee's Office oversees.

## TOTALITY OF THE CIRCUMSTANCES

In determining if good faith exists, the Court considers the totality of the circumstances. *In re Elliot-Cook*, 357 B.R. 811, 814 (Bankr. N.D. Cal. 2006). Courts consider many factors – including those used to determine good faith under §§1307(c) and 1325(a) – but the two basic issues to determine good faith under §362(c)(3) are:

**1.    Why was the previous case filed?**

a) The Debtor's motive in filing the instant petition and whether the Bankruptcy Code is being unfairly manipulated: The Debtor is sincere in wanting to make this Chapter 11 case succeed and has the same intention with this petition as she did in the prior case. (i.e., seeking a reasonable payment solution to cure her debt(s) that is fair to all p a r t i e s involved.) There is no intention to unfairly manipulate the

6

Bankruptcy Code or this Court.

**2.     What has changed so that the present case is likely to succeed?**

The Debtor's circumstances have changed since the prior dismissal: Debtor has hired Legal Counsel to assist in the Bankruptcy filing so that the Debtor stays on task with the requirements of the Bankruptcy court and she also expecting increased income from her rental properties.

WHEREFORE, the Debtor respectfully requests that the Court consider all of the circumstances involved in the dismissal of the Debtor's prior case, and the filing of the present case, and to find that this case has been filed in good faith and to impose or extend the automatic stay for the duration of the case and for any other relief that the court deems proper.

RESPECTFULLY SUBMITTED,
THE LAW OFFICES OF E. VINCENT WOOD

**Dated: November 23, 2020**

/s/ E. Vincent Wood
E. Vincent Wood
Attorney for Debtor

7