Brian S. Healy, State Bar No. 112371
TIERNEY, WATSON & HEALY
A Professional Corporation
351 California Street, Suite 600
San Francisco, California 94104
Telephone: (415) 974-1900
Facsimile: (415) 974-6433
Email: brian@tw2law.com

Attorneys for Creditor
Bank of the West

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In Re: ) Case No: 20-51623
)
Sherry Virginia Seitzinger, )
)
Debtor. )
)

**OPPOSITION TO DEBTOR'S MOTION TO EXTEND THE AUTOMATIC STAY**

**A. Summary of Opposition.**

Bank of the West (sometimes "BOTW") opposes the Debtor's Motion to Extend the Automatic Stay ("Motion") as not filed in good faith and not in the best interest of the creditors, including Bank of the West.

**B. Background.**

Bank of the West has a claim based upon a loan to Ms. Seitzinger secured by commercial real property commonly known as 2722 Bayview Dr., Fremont, California (hereinafter "Real Property")[1].

---

[1] For unknown reasons Debtor listed Bank of the West as an unsecured creditor on Form B 104 (List of Creditors Who Have the 20 Largest Unsecured Claims) (Doc#1, page 9).

The current petition was filed to forestall a foreclosure sale that was set for November 12, 2020, the same date the petition was filed.

This is the 5th bankruptcy petition filed by Ms. Seitzinger. See case numbers 17-52189, 19-50024, 19-51250, and 20-51314.

Cases 17-52189, 19-50024, and 19-51250, were dismissed due to her failure to file schedules and her failure to appear at the First Meeting of Creditors.

The fourth case, case number 20-51314, was dismissed on October 28, 2020 for failure to complete the filing of necessary schedules after being granted two extensions.

In addition, late last year Debtor unsuccessfully sought a preliminary injunction in the state court (Sherry Seitzinger v. Bank of the West, Alameda County Superior Court Case No. HG20051106). The request for a preliminary injunction was denied and the case was ultimately dismissed with prejudice pursuant to the written settlement agreement referenced below.

### C. The Current Case Was Not Filed in Good Faith

The debtor has the burden to prove that the current petition was filed in good faith and there is a presumption that bad faith exists if "there has not been a substantial change in the financial or personal affairs of the debtor since the dismissal of the next most previous case . . .or for any other reason to conclude that the later case will not be concluded . . . ." 11 U.S.C. § 362(c)(3)(C)(i)(III).

The only substantive aspect of the debtor's declaration is that she expect her "income to increase with more near-term income from renting my properties". (Doc# 18, paragraph 3).

The Debtor only owns two pieces of real property - 1) her residence in Gilroy, and 2) the commercial Real Property in Fremont.

The Debtor has a loan issued by BOTW which is a loan through a U.S. Small Business Administration ("SBA") program. The Debtor, by the terms of the loan documents, is obligated to occupy 51% of the Real Property. (See Certificate of

Borrower attached to accompanying Declaration of Brian S. Healy). As such, there is no true prospect that the Debtor can rent a portion of the Real Property.

In addition, Debtor has not offered any evidence that the Real Property is listed for rent, listed with a leasing agent, and for rent or addressed how long the Real Property has been empty, without a renter and/or rent, and without a leasing agent[2].

The other real property is her residence in Gilroy. Based upon the Debtor's filings in case 20-51314 the residential property was repeatedly vandalized and was in a state of disrepair. (See Supplemental Declaration of Sherry Seitzinger, Doc#24).

The Debtor offers no explanation as to how she can have that property cleaned and presented for the rental market within a reasonable period of time, nor does the Debtor indicate where she will live if that property is rented.

**D. The Obligation Due Bank of the West Is Fully Due and Owing.**

In early March 2020, in settlement of a law suit filed in Alameda County Superior Court, Debtor and Bank of the West, entered into a Loan Forbearance and Release Agreement ("Settlement Agreement"), a true and correct copy of which is attached to the accompanying Declaration of Brian S. Healy. Per that Settlement Agreement, it was agreed that the then pending foreclosure sale would be continued and that Debtor would fully satisfy the debt due Bank of the West no later than July 31, 2020. The Settlement Agreement also required the Debtor to list the Real Property for sale with a broker which the Debtor failed to do.

The Debtor's motion for an extension of the automatic stay states that it is her intention to propose "a new 30-year mortgage or a long-term (e.g., 10 year +) repayment plan for the mortgage arrears on the properties' mortgage loans. The Chapter 13 Plan (sic) is expected to be a 100% plan." Bank of the West will not consent to such treatment.

---

[2] Debtor has not filed an application to employ a leasing agent in any of her prior bankruptcy cases, or in this case.

**OPPOSITION TO DEBTOR'S MOTION TO EXTEND THE AUTOMATIC STAY**

### E. Debtor's Requested Relief Is Improper and Violates Section 362.

Debtor's requested relief is improper and violates Section 362 because it seeks an order extending the automatic stay " . . . until the Debtor's Chapter 11 case is completed or dismissed . . ." (Motion, Doc#16, page 2, lines 6-9 and page 7, lines 9-11).

Section 362 (c)(3), upon which Debtor's Motion is based, does not includes such unrestricted relief and is not intended to strike the creditors', the US Trustee's, and/or the Court's rights under Section 362.

### F. Conclusion.

The court should deny Debtor's Motion as not filed in good faith, not in the best interest of the creditors, including Bank of the West, and beyond the authority set forth in Section 362 (c)(3).

DATED: December 7, 2020

TIERNEY, WATSON & HEALY
A Professional Corporation

By /s/ Brian S. Healy
Brian S. Healy

# CERTIFICATE OF SERVICE

I am a citizen of the United States and am over the age of eighteen years. I am not a party to the within above-entitled action. I am employed at Tierney, Watson & Healy whose address is 351 California Street, Suite 600, San Francisco, California 94104. I am readily familiar with the firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. The documents listed below would be deposited with the United States Postal Service that same day in the ordinary course of business.

## REQUEST FOR NOTICE WITH CERTIFICATE OF SERVICE

The envelope(s) was addressed as follows:

**DEBTOR**
Sherry V. Seitzinger
2722 Bayview Drive
Fremont, CA 94536-6518

I certify that the participants listed below in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

| **DEBTOR'S COUNSEL** | **U.S. TRUSTEE** |
|---|---|
| E. Vincent Wood, Esq. | Office of the U.S. Trustee / SJ |
| The Law Offices of E. Vincent Wood | U.S. Federal Bldg. |
| 1501 N. Broadway, Suite 261 | 280 S 1st St. #268 |
| Walnut Creek, CA 94596 | San Jose, CA 95113-3004 |

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 7, 2020, at Walnut Creek, California.

    /s/
Brian S. Healy