Richard M. Ladden
1404 Acadia Avenue
Milpitas, CA 95035
Tel: (408)262-5993
rladden@yahoo.com

Judgment Creditor Pro Per

FILED

JAN 26 2021

U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

SHERRY VIRGINIA SEITZINGER,
      Debtor.

) **CASE NO. 20-51623 SLJ 11**
)
) **CHAPTER 11**
)
) <u>Hearing</u>
) Date:
) Time: 2 P.M.
) Dept 9: Hon. Judge Stephen L. Johnson
)     Tele/Videoconference
)

**MOTION TO EXTEND TIME TO FILE 11 U.S.C. § 523(a)(6) ADVERSARY COMPLAINT**

  1. Richard M. Ladden (hereinafter Ladden), judgment creditor of Chapter 11 debtor Sherry Virginia Seitzinger (hereinafter Seitzinger), hereby requests an extension of time under Bankruptcy Rules 9006(b)(1), 4004(b)(1), and 4007(c) until (1) seven days after the debtor's reorganization plan is submitted to the Court; or (2) seven days after the Court deems the debtor's Chapter 11 proceeding to be legally viable; or (3) an alternate date to be selected by the Court, to file his 11 U.S.C. § 523(a)(6) adversary complaint.

  2. Debtor Sherry Virginia Seitzinger filed her Chapter 11 bankruptcy petition on November 12, 2020.

1
Judgment Creditor's Motion To Extend Time To File 11 U.S.C. § 523(a)(6) Adversary Complaint 20-51623 SLJ

3. The 341 Meeting of Creditors was initiated as required on December 15, 2020 and was completed on January 11, 2021, after two continuances.

4. Creditor Ladden has a judgment against Debtor Seitzinger in Santa Clara County case 114CV262282.

5. Debtor Seitzinger has listed this judgment as "disputed" in her Form 106D p. 3 filing.

6. Creditor Ladden is required to file his 11 U.S.C. § 523(a)(6) adversary action by February 16, 2021 to except his judgment in Santa Clara County case 114CV262282 from discharge.

7. An extension of time in which to file his 11 U.S.C. § 523(a)(6) adversary action is justified on the grounds that an adversary filing now may be premature and totally unnecessary.

8. Debtor Seitzinger's Chapter 11 petition may not be viable. Statements made during the February 14, 2021 Status Conference indicated that she may have no equity in her Gilroy property, the proposed foundation of her business reorganization. (The property is in loan default of about $1.2M). In addition, whether her insurer will pay the estimated $100K to repair her vandalized property remained an open issue.

9. With regard to Creditor Ladden's $600K judgment and lien on both her Gilroy and Fremont properties, Debtor Seitzinger's Status Conference Statement (2:11-12) stated "The goal of the Debtor's plan is to address the judgment lien by taking legal action to vacate the lien in state court."

10. Her attorney may not have known that Debtor Seitzinger had filed five separate motions plus an independent action in equity to vacate or set aside said default judgment on grounds that substitute service was improperly effected, and that she had no notice of the malicious prosecution complaint. All five said motions plus the independent action in equity

have been fully litigated before four different judges of the Santa Clara Superior Court. The independent action in equity itself was adjudicated by summary judgment, plus three unsuccessful motions to vacate that summary judgment. Any further action in state court would be both precluded and frivolous.

11. Debtor Seitzinger's attorney has since been apprised of the above facts.

12. In light of the above, Creditor Ladden does not know what alternative action or tactic Debtor Seitzinger might employ with regard to his judgment.

13. In order to undertake appropriate countermeasures and to avoid taking costly and unnecessary actions, Creditor Ladden is entitled to know what, if anything, the debtor will now propose in her Chapter 11 reorganization plan to attack said judgment, which itself could be subject to conversion or dismissal.

14. Creditor Ladden may be required to file an 11 U.S.C. § 523(a)(6) adversary action, but should not be required bear the time and expense to file one should it not be necessary.

15. Creditor Ladden suggests alternate hearing dates of January 27, 2021 or February 3, 2021 at 2 P.M. should debtor's attorney not be willing to stipulate to an extension of time to file a 11 U.S.C. § 523(a)(6) adversary action. Either date would appear to be in conformity with this Court's Open Calendar Procedure.

16. Creditor Ladden's primary concern is that he have ample time to prepare and file a timely 11 U.S.C. § 523(a)(6) adversary action by February 16, 2021, should the Court not grant the requested extension of time in which to file said action.

Dated: January 18, 2021             Respectfully submitted,

*Richard M. Ladden*
Richard M. Ladden, Judgment Creditor Pro Per

3
Judgment Creditor's Motion To Extend Time To File 11 U.S.C. § 523(a)(6) Adversary Complaint 20-51623 SLJ

Case: 20-51623   Doc# 62   Filed: 01/26/21   Entered: 01/26/21 15:57:00   Page 3 of 5

# PROOF OF SERVICE

**CASE NAME: IN RE SHERRY SEITZINGER**

**CASE NUMBER: UNITED STATES BANKRUPCY COURT NORTHERN DISTRICT OF CALIFORNIA 20-51623 SLJ**

I, the undersigned, declare as follows:

I am a resident of the County of Santa Clara, State of California. I am over the age of 18 and not a party to the within action; my address is 1404 Acadia Avenue, Milpitas, CA 95035.

On the date below, I served the foregoing documents described as:

**MOTION TO EXTEND TIME TO FILE 11 U.S.C. § 523(a)(6) ADVERSARY COMPLAINT**

on the following person(s) in this action:

E. Vincent Wood, Esq., The Law Offices of E. Vincent Wood, 1501 N. Broadway, Suite 261, Walnut Creek, CA 94536

Office of the U.S. Trustee / SJ, U.S. Federal Building, 280 S. 1st Street, San Jose, CA 95113-3004

  **X**  (VIA MAIL) by depositing the sealed envelope with the United States Postal Service with the postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and that this declaration was executed at Milpitas, California.

Dated: January 19, 2021

*Lucia Ladden*
Lucia Ladden

Richard Ladden
1404 Acadia Ave
Milpitas, CA 95035



U.S. Bankruptcy Court
280 South First Street
Room 3035
San Jose, CA 95113




Case: 20-51623    Doc# 62    Filed: 01/26/21    Entered: 01/26/21 15:57:00    Page 5 of 5