Richard M. Ladden
1404 Acadia Avenue
Milpitas, CA 95035
Tel: (408)262-5993
rladden@yahoo.com

Judgment Creditor Pro Per

FILED
JAN 26 2021
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

SHERRY VIRGINIA SEITZINGER,
               Debtor.

CASE NO. 20-51623 SLJ 11

CHAPTER 11

Hearing
Date:
Time: 2:00 P.M.
Place: Hon. Judge Stephen L. Johnson
       Tele/Videoconference

**MEMORANDUM IN SUPPORT OF MOTION TO EXTEND TIME TO FILE
11 U.S.C. § 523(a)(6) ADVERSARY COMPLAINT**

**I. ARGUMENTS**

**A. GOOD CAUSE EXISTS TO GRANT THE EXTENSION OF TIME**

"A discharge under section ... 1141 ... of this title does not discharge an individual debtor from any debt— for willful and malicious injury by the debtor to another entity or to the property of another entity." (11 U.S.C. § 523(a)(6).)

With regard to judgment creditor's malicious prosecution judgment, for judgment creditor to be successful in his 11 U.S.C. § 523(a)(6) adversary action, he must demonstrate that the allegations of Debtor Seitzinger's mandatory cross-complaint,

1
Judgment Creditor's Memorandum in Support of Motion to Extend Time To File
11 U.S.C. § 523(a)(6) Adversary Complaint 20-51623 SLJ

Case: 20-51623   Doc# 63   Filed: 01/26/21   Entered: 01/26/21 15:58:32   Page 1 of 7

categorically contradicted by her discovery responses in the very same case, and were made willfully and maliciously.

Bankruptcy Rules 9006(b)(1), 4004(b), and 4007(c) provide that a motion for extension of time may be granted if the request is filed before the expiration of the time originally prescribed. (*In re Miles*, 453 B.R. 449, 451 (Bankr.N.D.Ga. 2011).)

> "[A] complaint to determine the dischargeability of a debt under §523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under §341(a). ... On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired." (Bankruptcy Rule 4007(c).)

This motion for an extension of time in which to file an 11 U.S.C. § 523(a)(6) is timely. It was filed prior to February 16, 2021.

To obtain an extension of time, the movant creditor must generally show "special circumstances" to justify an extension of time under Rules 4004 or 4007. (*In re James*, 186 B.R. 395, 397 (Bankr.N.D.Ga.1995).) It must satisfy the "for cause" standard. (*Id.*, *In re Miles, supra.*) Determination of whether a creditor satisfies the "for cause" standard is within the discretion of the bankruptcy court. (*In re Miles, supra.*) Nevertheless, courts seem unified in the view that the term "for cause" should receive a liberal construction. *Schunck v. Santos (In re Santos),* 112 B.R. 1001, 1007 (B.A.P. 9th Cir.1990), *In re James, supra.*)

Most cases concerning motions for extensions of time to file 11 U.S.C. § 523 cases appear to involve lack of diligence by the creditor in seeking discovery of its requisite § 523 elements, typically coupled with last minute requests for extensions of time. (E.g., see cases cited in *In re Leary,* 185 B.R. 405, 406 (Bankr.D.Mass.1995).)

2
Judgment Creditor's Memorandum in Support of Motion to Extend Time To File
11 U.S.C. § 523(a)(6) Adversary Complaint 20-51623 SLJ

Case: 20-51623   Doc# 63   Filed: 01/26/21   Entered: 01/26/21 15:58:32   Page 2 of 7

This case is atypical. This request is being made almost a month before the filing deadline and seeks a delay in having to file the adversary action on two uncharacteristic and distinct grounds: (1) the adversary action may be unnecessary because the Chapter 11 bankruptcy petition may not be viable and might be converted or dismissed; and (2) the bankruptcy debtor's proposed plan to vacate the judgment creditor's state court judgment is totally devoid of any legal substance.

1. Statements made during the February 14, 2021 Status Conference indicated Debtor Seitzinger's Chapter 11 petition may not be viable. The proposed business reorganization and payment of creditors is contingent on the sale of her Gilroy property. Debtor Seitzinger may have no equity in said property, thus destroying the foundation of her business reorganization plan. (The property is in loan default on the first deed of trust of about $1.2M). In addition, whether her insurer will pay the estimated $100K to repair her vandalized property remained an open issue. (Declaration of Richard M. Ladden, Judgment Creditor Pro Per, In Support Of Application To Extend Time To File 11 U.S.C. § 523(a)(6) Adversary Procedure (hereinafter Ladden Dec.) 4:1-10).

2. Debtor Seitzinger's Status Conference Statement (2:11-12) "The goal of the Debtor's plan is to address the judgment lien by taking legal action to vacate the lien in state court." Debtor Seitzinger has filed five separate, unsuccessful motions plus an independent action in equity to vacate or set aside said default judgment on grounds that substitute service on her son was improperly effected, and that she had no notice of the malicious prosecution complaint. All five said motions plus the independent action in equity have been fully litigated before four different judges of the Santa Clara Superior

3
Judgment Creditor's Memorandum in Support of Motion to Extend Time To File
11 U.S.C. § 523(a)(6) Adversary Complaint 20-51623 SLJ

Case: 20-51623   Doc# 63   Filed: 01/26/21   Entered: 01/26/21 15:58:32   Page 3 of 7

Court. The independent action in equity itself was adjudicated by summary judgment, plus three subsequent unsuccessful motions to vacate that summary judgment. Any further action in state court would be both precluded and frivolous. (Ladden Dec. 4:11-5:2). The bankruptcy debtor's stated plan to vacate the judgment creditor's state court judgment is totally devoid of any legal possibility. Under these peculiar circumstances, in order to undertake appropriate countermeasures and to avoid taking costly and unnecessary actions, the judgment creditor is entitled to know what, if anything, the debtor will now propose in her Chapter 11 reorganization plan to attack said judgment.

No prejudice will inure to the debtor should the extension be allowed; the resultant burden upon efficient court administration should be minimal (Ladden Dec. 5:5-13); and the creditor is acting in good faith. (*Fasson v. Magouirk (In re Magouirk)*, 693 F.2d 948, 951 (9th Cir.1982), *In re James, supra.*)

The standard for extending the time in which judgment creditor may file an 11 U.S.C. § 523(a)(6) action has been met, whether from a "for cause" or "special circumstances" consideration.

## II. CONCLUSION

Good cause exists to grant an extension of time in which judgment creditor must file an 11 U.S.C. § 523(a)(6) adversary action:

1. The motion for an extension of time is timely filed.

2. The adversary action may be unnecessary because the Chapter 11 action could be determined not to be viable and be converted or dismissed. The foundational premises of the business reorganization are fatally flawed.

4
Judgment Creditor's Memorandum in Support of Motion to Extend Time To File
11 U.S.C. § 523(a)(6) Adversary Complaint 20-51623 SLJ

Case: 20-51623    Doc# 63    Filed: 01/26/21    Entered: 01/26/21 15:58:32    Page 4 of 7

a. Debtor Seitzinger appears to have no equity in her Gilroy property such that its sale will not create any funds for distribution to her creditors.

b. Debtor Seitzinger has failed six separate times before four different judges to vacate judgment creditor's judgment. She is precluded from taking any further action in state court to set aside judgment creditor's judgment therein.

3. No prejudice will inure to the debtor should the extension be allowed.

4. The resultant burden upon efficient court administration should be minimal should the extension of time be granted.

5. The creditor is acting in good faith.

January 18, 2021                                Respectfully submitted,

*Richard M. Ladden* (signature)
Richard M. Ladden
Judgment Creditor Pro Per

5
Judgment Creditor's Memorandum in Support of Motion to Extend Time To File
11 U.S.C. § 523(a)(6) Adversary Complaint 20-51623 SLJ

Case: 20-51623   Doc# 63   Filed: 01/26/21   Entered: 01/26/21 15:58:32   Page 5 of 7

# PROOF OF SERVICE

**CASE NAME: IN RE SHERRY SEITZINGER**

**CASE NUMBER: UNITED STATES BANKRUPCY COURT NORTHERN DISTRICT OF CALIFORNIA 20-51623 SLJ**

I, the undersigned, declare as follows:

I am a resident of the County of Santa Clara, State of California. I am over the age of 18 and not a party to the within action; my address is 1404 Acadia Avenue, Milpitas, CA 95035.

On the date below, I served the foregoing documents described as:

**MEMORANDUM IN SUPPORT OF MOTION TO EXTEND TIME TO FILE 11 U.S.C. § 523(a)(6) ADVERSARY COMPLAINT**

on the following person(s) in this action:

E. Vincent Wood, Esq., The Law Offices of E. Vincent Wood, 1501 N. Broadway, Suite 261, Walnut Creek, CA 94536

Office of the U.S. Trustee / SJ, U.S. Federal Building, 280 S. 1st Street, San Jose, CA 95113-3004

　　**X**　　(VIA MAIL) by depositing the sealed envelope with the United States Postal Service with the postage fully prepaid.

　　I declare under penalty of perjury under the laws of the State of California that the above is true and correct and that this declaration was executed at Milpitas, California.

Dated: January 19, 2021 [20 PMc]

　　　　　　　　　　　　　　　　　　　　/s/ Lucia Ladden
　　　　　　　　　　　　　　　　　　　　Lucia Ladden

1

Richard Ladden
1404 Arcadia Ave
Milpitas, CA 95035



U.S. Bankruptcy Court
280 South First Street
Room 3035
San Jose, CA 95113




Case: 20-51623   Doc# 63   Filed: 01/26/21   Entered: 01/26/21 15:58:32   Page 7 of 7