

The following constitutes the order of the Court.
Signed: May 27, 2021

_____
**Stephen L. Johnson
U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

In re

SHERRY VIRGINIA SEITZINGER,

        Debtor.

) Case No.: 20-51623 SLJ
)
) Chapter 11
)
)
) Date: May 25, 2021
) Time: 1:30 p.m.
) Ctrm: 9 (remote)
)

**ORDER GRANTING MOTION TO SELL REAL PROPERTY**

A hearing on the Motion for an Order (1) Authorizing Sale of the Property Located at 2722 Bayview Drive, Fremont, California; (2) Ordering that the Sale be Free and Clear of any Claims and Interests; (3) Authorizing the Payment of Brokers *[sic]* Commission, Taxes and Closing Costs ("Motion"), filed by Debtor in the above-captioned Chapter 11 bankruptcy case, was held before this Court at the above-referenced date and time. Appearances were noted on the record.

Having considered the Motion and all related pleadings, any opposition thereto, and the arguments of counsel,

THE COURT FINDS THAT:

A.    Notice of the Motion was proper and adequate.

B. David Park ("Buyer") has acted good faith and is entitled to the protections of Section 363(m) of the Bankruptcy Code.

Based on the foregoing and for reasons stated orally on the record, and good cause appearing therefore,

IT IS HEREBY ORDERED THAT:

1. The notice of the Motion and the hearing thereon is approved as proper and adequate under the circumstances.

2. The Motion is granted and the sale to Buyer, David Park, is approved as the highest and best offer.

3. Debtor is authorized to sell real property located at 2722 Bayview Drive, Fremont, CA 94536 ("Property") to Buyer for the purchase price of $1,275,000, and in accordance with the terms and conditions that are set forth in the Purchase Agreement which is attached to the Motion.

4. Debtor shall pay from escrow the following liens or claims at closing of the sale:

   a. The consensual lien of Bank of the West;

   b. The judgment lien of Fremont Tech Center Association, Inc.;

   c. The judgment lien of Richard Ladden; and

   d. The tax lien of the Alameda County Tax Collector.

5. Pursuant to Section 363(f) of the Bankruptcy Code, effective upon closing, the sale of the Property will vest in the Buyer all right, title and interest of the Debtor and the bankruptcy estate in the Property, free and clear of liens, claims or interests.

6. Unless the holders of the liens, claims or interests have agreed to other treatment, their liens, claims or interests shall attach to the proceeds of the sale with the same force, effect, validity and priority that previously existed against the Property.

7. Debtor is authorized to pay from the proceeds of sale through escrow a real estate commission of 2.5% of the purchase price to the Buyer's broker/agent David Yang of Legacy Real Estate & Associates.

8. Debtor, and any escrow agent upon the Debtor's written instruction, shall be authorized to make such disbursements on or after the closing of the sale as are required by the purchase agreement or order of this Court, including, but not limited to, (a) all delinquent real property taxes and outstanding post-petition real property taxes pro rated as of the closing with respect to the Property; and (b) closing costs as included in the Estimated Seller's Settlement Statement attached to the Motion.

9 Debtor shall transfer all remaining net proceeds to her debtor-in-possession account.

10. Debtor is authorized to execute the purchase agreement, or other related documents that are reasonably necessary or appropriate to complete the sale, and to undertake such other actions as may be reasonably necessary or appropriate to complete the sale.

11. Buyer is approved as a buyer in good faith in accordance with Section 363(m) of the Bankruptcy Code, and Buyer shall be entitled to all protections of Section 363(m) of the Bankruptcy Code.

12. This Order shall be effective immediately upon entry. No automatic stay of execution, pursuant to Rule 62(a) of the Federal Rules of Civil Procedure, or Bankruptcy Rule 6004(h), applies with respect to this Order.

13. This Court retains jurisdiction to enforce and implement the terms and provisions of this Order and the purchase agreement.

*** END OF ORDER***

**COURT SERVICE LIST**

[ECF Recipients Only]